1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

10

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

11
12
13
14

| | | |
|---|---|---|
| 15 | BERLINE WILLIAMS, | ) CV 13-02168-SH |
| 16 | Plaintiff, | ) MEMORANDUM DECISION |
| 17 | v. | ) AND ORDER |
| 18 | CAROLYN W. COLVIN, Commissioner, | ) |
| 19 | Social Security Administration, | ) |
| 20 | Defendant. | ) |

21     This matter is before the court for review of the decision by the

22 Commissioner of Social Security denying plaintiff's application for Disability

23 Insurance Benefits.  Pursuant to 28 U.S.C. § 636(c), the parties have consented

24 that the case may be handled by the undersigned.  The action arises under 42

25 U.S.C. §405(g), which authorized the Court to enter judgment upon the

26 pleadings and transcript of the record before the Commissioner.  Plaintiff and

27 defendant have filed their pleadings, defendant has filed the certified transcript of

28

1

record, and each party has filed its supporting brief.  After reviewing the matter, the Court concludes the Decision of the Commissioner should be affirmed.

# I.  BACKGROUND

Plaintiff, Berline Williams, applied for Disability Insurance Benefits on February 21, 2011. (AR 10, 99-100).  Plaintiff alleges disability commencing November 10, 2010. (AR 99).

The Commissioner denied the application initially. (AR 58-60).  A hearing on the claim was conducted on August 12, 2012 (AR 33-48).  On August 17, 2012, the administrative law judge ("ALJ") issued an unfavorable Decision (AR 7-20).  The Appeals Council denied the request of review. (AR 1-6).  Plaintiff commenced this civil action seeking judicial review of her case.

# II.  DISCUSSION

**A. The ALJ Properly Evaluated Plaintiff's Credibility**

Plaintiff asserts that the ALJ failed to properly evaluate her credibility and assess her subjective complaints.  In response, Defendant argues that the ALJ articulated clear and convincing reasons why Plaintiff's statements of disability were inapposite with the administrative record.

When assessing the residual functional capacity, the ALJ must evaluate the intensity, persistence, and limiting effects of the individual symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities.  Reddick v. Chater, 157 F.3d 715 (9th Cir. 1998).  Subjective symptoms are highly idiosyncratic and sometimes suggest a greater severity of impairment than is demonstrated by objective and medical findings alone. Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991).  Therefore, once the claimant produces medical evidence of an underlying impairment, the ALJ may not discredit the claimant's testimony as to subjective symptoms merely

because they are unsupported by objective evidence. Id. at 343. Unless there is affirmative evidence showing that the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." Valentine v. Commissioner Social Security Admin., 574 F.3d 685, 693 (9th Cir. 2009).

At the hearing, Plaintiff alleged she was unable to work due to tremors and pain in her hands and legs as well as numbness in her hands and fingers associated with multiple sclerosis. (AR 12-13; AR 38). The ALJ determined that Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, however the claimant's testimony concerning the intensity, persistence and limiting effect of these symptoms are not credible to the extent they are inconsistent with the above medical functional capacity assessment." (AR14).

The ALJ provided the following reasons for finding Plaintiff not credible: (1) Plaintiff's somewhat normal level of daily activity and interactions; (2) Plaintiff's routine, conservative, and non-emergency treatment; (3) and the objective medical and diagnostic findings since the alleged onset date. (AR 13-16).

In determining Plaintiff's credibility, the first factor the ALJ considered was Plaintiff's report of daily activities. The Plaintiff testified to living in a two-story home with her twelve-year old son. (AR36-37). She reads a book for a couple hours a day. (AR 41). She claimed difficulties with personal care. (AR 43). She stated that she is often visited with her niece and together they "do laundry or clean house or just average day stuff, in between… the kids going to school and house." (AR 40). She stated that she sometimes went out to eat. (AR 42). She attends church on occasion, cooking sometimes, and grocery shopping. (AR 13, 40-44).

1  Although Plaintiff has carried on certain daily activities, such as grocery

2  shopping, driving a car, or limited walking for exercise, these do not necessarily

3  detract from her credibility as to her overall disability.  Vertigan v. Halter, 260

4  F.3d 1044, 1050 (9th Cir. 2001). Nevertheless, they may be grounds for

5  discrediting the claimant's testimony to the extent that they contradict claims of a

6  totally debilitating impairment.  Molina v. Astrue, 674 F.3d 1104, 1113 (9th Cir.

7  2012).

8  The ALJ determined,

9  Despite claimant's impairment, she engaged in a somewhat normal
level of daily activities and interaction… Some of the physical and

10  mental abilities and social interaction required in order to perform
these activities are the same as those necessary for obtaining and

11  maintaining employment. The undersigned finds the claimant's
ability to participate in such activities diminished the credibility of

12  claimant's allegation of functional limitations. (AR 14).

13  Although Plaintiff's testimony was somewhat equivocal about how

14  regularly she was able to keep up with all these activities, and there may be other

15  reasonable interpretations, if the ALJ's interpretation is reasonable and supported

16  by substantial evidence then it is not Court's role to second-guess it. Rollins v.

17  Massanari, 261 F.3d 853, 857 (9th Cir. 2001).  Here, the reports of daily activities

18  affected Plaintiff's credibility because the somewhat normal level of her daily

19  activity and interactions were inconsistent with Plaintiff's allegedly disabling

20  impairments.  In addition, if the Plaintiff engaged in numerous daily activities

21  involving skills that could be transferred to the workplace, the ALJ may discredit

22  the claimant's allegations upon making specific findings relating to the claimant's

23  daily activities.  Fair v. Bowen, 885 F.2d 597, 603 (9th Cir.1989).  Therefore,

24  there was no reversible error in the ALJ's consideration of Plaintiff's report of

25  daily activities as one factor to discredit her allegations of disabling functional

26  limitations.

27

28

4

In addition to Plaintiff's somewhat normal level of reported daily activities, the ALJ properly considered Plaintiff's infrequent, conservative, and non-restrictive treatment as relevant factors in determining Plaintiff's credibility regarding the severity of her symptoms. The ALJ found the following:

> "The record reveals relatively *infrequent* trips to a doctor for the allegedly disabling symptoms. Although the claimant alleged an inability to afford medical treatment due to lack of health insurance, there is no evidence the claimant could not have obtained low cost or no cost treatment alternatives, such as treatment at a public health clinic.
> Further when the claimant has received treatment for the allegedly disabling impairments, that treatment has been essentially *routine and conservative* in nature, primarily in the form of medications. The lack of more aggressive treatment or even a referral to a specialist suggests the claimant's symptoms and limitations were not as severe as she alleged. The credibility of the claimant's allegation regarding the severity of her symptoms as limitations is diminished because those allegations are greater than expected in light of the objective evidence of record.
> Lastly given the claimant's allegation of totally disabling symptoms, one might expect to see some indication in the treatment records of restriction placed on claimant by the treating doctors. Yet, a review of the record in this case reveals *no restrictions* recommended by the treating doctors." (AR 14) (emphasis added).

Plaintiff implies that the ALJ should not have considered that the objective medical findings did not support Plaintiff's testimony. Pl.'s Br. 9. However, the ALJ properly considered Plaintiff's lack of objective medical evidence when assessing Plaintiff's credibility regarding the severity of the symptoms. Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2011). Though it cannot be the sole basis for discounting testimony, an ALJ may consider "minimal objective evidence" as one factor in the credibility analysis. Id. Here, the ALJ considered the conservative treatment as a relevant factor that diminished a Plaintiff's credibility. Parra v. Astrue, 481 F.3d 742, 750-51(9th Cir. 2007). Another relevant factor is "unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment." Fair v. Bowen, 885 F.2d 597, 603 (9th Cir.1989). Therefore, ALJ properly considered Plaintiff's

infrequent, conservative, and non-restrictive treatment as evidence to discredit Plaintiff's testimony.

Lastly, the ALJ considered the objective clinical and diagnostic findings as a factor in determining Plaintiff's credibility. The ALJ found the following medical findings:

1. On January 24, 2011, a neurological examination of the Plaintiff revealed normal gait, normal speech, no sensory deficits, and normal strength in the upper right extremity (AR 15, 195).

2. On February 23, 2011, Dr. Deborah Fisher recommended the Plaintiff undergo Tysabri infusion to treat her multiple sclerosis symptoms. (AR 15, 207). At a later physical examination on May 19, 2011, Dr. Fisher's notes showed reduced sensation in the right upper extremity and left lower extremity, but were otherwise unremarkable. (AR 15,322-323)

3. On May 2, 2012, consultative examiner Sara L. Maze, M.D., Board eligible neurologist, conducted a complete consultative neurological evaluation of the claimant. (AR 15, 375-386). The findings from the physical examination included: the claimant's coordination was normal bilaterally, as were her reflexes and motor strength; she stood from a seated position, consistent with her level of obesity, and she was able to ambulate independently. (AR 15, 377). Dr. Maze diagnosed the Claimant with clinically stable multiple sclerosis. (AR 15, 377).

The ALJ determined the objective clinical and diagnostic findings do not support Plaintiff's claim of disabling impairment. (AR 15). While the evidence may support another conclusion, this Court's role in reviewing whether the ALJ's decision was support by substantial evidence and based on proper legal

grounds. <u>Magallanes v. Bowen</u>, 881 F. 2d 747, 750 (9th Cir. 1989). Therefore, in determining the Plaintiff's credibility the ALJ properly considered that the positive objective clinical and diagnostic findings do not support the alleged severity of Plaintiff's subjective complaints.

Overall, the ALJ provided the following clear and convincing reasons to find Plaintiff's subjective complaints were less than fully credible: (1) Plaintiff's somewhat normal level of daily activity and interactions; (2) Plaintiff's routine, conservative, and non-emergency treatment; (3) and the objective medical and diagnostic findings since the alleged onset date.

## **ORDER**

The Court finds the ALJ properly evaluated Plaintiff's credibility when assessing her subjective complaints. For the foregoing reasons, the Decision of the Commissioner is affirmed and the Complaint is dismissed.

DATED: September 9, 2014

_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE

7